## Jacob H. Coe and another v. Seymour N. Nash.

*Contract: Evidence: Bill rendered.* In an action to recover advances, charges and expenses on twelve bales of hops sent by plaintiffs to New York for defendant, under a contract by which they were to sell them in New York for a certain commission, and defendant was to settle with them by the bill which should be rendered them by their New York correspondents, an account of sales by their correspondent of a number of lots amounting to 170 bales in all, for a gross sum, is not admissible as evidence of the sale of defendant's hops, or of what was received for them; the contract gave them no right to sell defendant's hops as part of a lot with others, nor had defendant agreed to be bound by any such sale, or by any bill that should be rendered of a sale not made separately.

*Submitted on briefs October 22. Decided October 28.*

Error to Livingston Circuit.

*H. H. Harmon,* for plaintiffs in error.

*Shield & Shield,* for defendant in error.

COOLEY, J.

The plaintiffs sued defendant in justice's court to recover advances, charges and expenses on twelve bales of hops, sent by them to New York for him, and there reported sold. The advances were fifteen dollars, the charges and expenses increased the amount to seventy-seven dollars and

thirty-two cents, and they reported to him a sale of the hops at eight dollars and ten cents. For the difference, sixty-nine dollars and twenty-two cents, the plaintiffs had judgment in justice's court, which the circuit court reversed on *certiorari*.

The plaintiffs' evidence was that they made a contract with defendant to sell his hops in New York for a certain commission; that they were to be sold by themselves, and that defendant was to settle with them by the bill which should be rendered by their New York correspondent. They then offered in evidence what purported to be an account of sales by their correspondent of a number of lots, amounting to a hundred and seventy bales in all, including twelve marked "Nash," and presumed to be defendant's, for the gross sum of one hundred and fifteen dollars, and on which the charges were five hundred and sixty-eight dollars and fifty-six cents. Defendant objected to the reception of this account in evidence, but the justice received it. No other evidence was given of the sale of defendant's hops, or of what was received for them. Defendant seems to have been credited with his proportion of the gross receipts, assuming the hops to have been all of the same value.

The error in receiving this account in evidence is very manifest. Plaintiffs had no right to sell defendant's hops in that manner as part of a lot with others; and defendant had never agreed to be bound by any such sale, or by any bill that should be rendered of a sale not made separately. Such an account, not proved in the ordinary way, could only be received in evidence on the ground of contract; but to make it admissible on that ground it must be in accordance with the contract, and not distinctly in disregard of it, as was the case here. The paper was consequently mere hearsay, and the circuit court was right in reversing the judgment for its reception.

The judgment must be affirmed, with costs.

The other Justices concurred.